Heard at Union, June, 1324.
Chancellor Waties.
The bill in this case is brought to *>t aside a sale made by the sheriff of Fairfield district, oí cor- *299 fain negroes which had been allotted William and Lucy Liles, the grandchildren of David Henderson, deceased, as a part of his estate, bequeathed to them. The bequest is on conditions ’ with limitations over. It is alleged by the complainant that he being executor of David Henderson, the guardian of W. and L. Liles toolt possession of the negroes, and hired them out from year to year for their benefit; that he hired some of them to the defendant, Smith, on his marriage with his ward, Lucy Liles, which have been levied on and sold, to satisfy a copart-nership debt due by Smith and others, and which was contracted before his marriage; that there has been no division made of the negroes between the said William and Lucy because the conditions required by the will of David Henderson have not yet been performed. The bill further alleges ■that the defendant Cathcart purchased the negroes with an express notice that they were held by Smith on hire only; and it also states that the complainant has made considerable advances for the education of his ward Lucy Smith, for a re-imbursement of which he has a right to look to her share of the negroes.
The defendants Smith and wife, and William Liles admit >all the allegations in the bill, but the defendant Cathcart denies that the negroes were held by Smith on hire, and insists that they were delivered to him by the complainant, as the share of his wife; he admits however that the complainant had forbid the sale while it was going on.
It has been proved that the complainant had regularly hired out the negroes and accounted for the proceeds thereof with the ordinary of Newberry district, from the years 1817 to 1821, when they were sold by the sheriff, and the hiring of them to the defendant Smith has been specially proved.
I have no doubt then as to the right of the complainant to recover the negroes, for they had never been divided between his wards, and cannot be so (according to the bequest to them) until certain contingencies are determined; they could no therefore be sold as the property of Smith. The only serious objection to the claim of the complainant is that he might have a remedy at law, and I confess that I have had some difficulty op. *300 this point; but it appears to me after full reflection on it, that the complainant can only have complete relief in this court. His bill is brought for a discovery, and he has obtained from the defendant Cathcart'the acknowledgement that he had notice at the sale of the complainants claim, without which fact he might not have been able to recover at law; another object o the bill is to compel the defendant Smith, to make a settlement on his wife of her contingent interest in the negroes; and a further object is to preserve to the complainant his lien on the negroes, for the advances alledged by him to have been made for the education of the wife of the defendant Smith. These are all objects of equitable cognizance and will authorize the Court in taking jurisdiction.
. It is therefore ordered and decreed, that the sale of the negroes be declared void, and that the defendant Cathcart do deliver them up to the complainant, and account to him for their hire since he has had possession of them; that it be referred to the commissioner to report what settlement ought to be made by the defendant Smith, of the contingent interest of his wife; and that the complainant be allowed to establish before the commissioners, by legal vouchers, the balance which may be due him for his advances for the education of his ward Lucy Smith, and that the same shall be a charge on her share of the said negroes, when a division of them shall be made under the directions of the will of David Henderson.
The costs to be paid by the defendant Cathcart.
The defendant Cathcart appealed on the grounds, that the court had not jurisdiction; that the complainant being the' executor of David Henderson, as well as guardian of the iufan legatees, might have recovered at law, if he was entitled to recover; that the bill did not call for a discovery of notice on the part of defendant Cathcart, as necessary to the sustaining of complainant’s suit; that the notice was in fact proved by other testimony; that a partition between the defendant Mrs. Smith and the assent of the complainant to the bequest to her ought to be presumed from the complainant's suffering two, out of tour slaves bequeathed, to go into her possession; that the suit *301 was manifestly intended for the benefit of the other defendant’s, who were in collusion with the complainant, and that permitting the slaves to go into the possession of Sm.th and wife •under the pretext of hiring, was intended as a fraud on creditors.
Clendinen and Pearson, for appellant,
argued that the complainant, being executor as well as guardian, had a legal title, if any title, to the slaves in question, and might have recovered at law. ProGf of notice would not have been necessary to his recovery; and if it were, he might have established it by other testimony than the defendant’s answer. Complainant did not shew any thing due to him from his wards on account of maintenance and education; on the contrary, his accounts filed ■with the ordinary prove him to have been in arrear with them. It was unnecessary to come into this court to compel a settlement by Smith, who, by his answer, shews himself willing to settle; and if a suit for that purpose might be sustained against him, it affords no ground of jurisdiction against Cathcart. Here is the strongest reason to believe that the whole proceeding has been an after thought, contrived between the complainant and Smith and wife, to protect the property against creditors The purchaser has all the rights of the creditor under whose judgment and execution the slaves were sold. 2 Johns. Ck. Ca. 35,
Jl. W. Thompson, contra.
The complainant, as executor and guardian, was trustee for his wards. The defendant purchased with notice of his trust, and between such parties, a suit will always be entertained in this court. The decree is founded on acknowledged principles of the equity jurisdiction. Equity will entertain a suit for compelling the specific delivery of particular slaves, "Wamburzie, vs. Kennedy, 4 Eq. Rep. 474. Fraud on the defendant, Cathcart, is out of the question; he purchased with full knowledge of the circumstances, and of the defect of his title, and took the property at his own risk. Cited 1 Johns. Ch. Ca. Ill; 1 Ves. and B. 555.
Decree affirmed, by the whole court.